UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30324
Summary Calendar
_____


United States of America,

                                        Plaintiff-Appellee,

                    versus

Lorenzo Jefferson,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana
(CR-94-50069)
_____
October 27, 1995


Before KING, SMITH and BENAVIDES, Circuit Judges.

Per Curiam[*]:


     Lorenzo Jefferson ("Jefferson") appeals from a jury verdict
finding him guilty of conspiracy to possess crack cocaine with the
intent to distribute and use of a firearm during and in relation to
the commission of a drug-trafficking crime in violation of 21

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

U.S.C. §§ 841, 846 and 18 U.S.C. § 924(c). Jefferson challenges the sufficiency of the evidence to support his convictions. We affirm.


## II. BACKGROUND

In early October 1993, the Shreveport Police Department received complaints that drugs were being sold at a residence located at 6900 Lavender Street. The police contacted a confidential informant, who agreed to go to the house and purchase crack cocaine. After the informant successfully purchased crack, the investigation continued. On October 13, 1993, Deputy U.S. Marshal Andre Fuller went undercover and purchased drugs from Jefferson and his roommate, Cedric McKeaver ("McKeaver"), at the residence.

On May 19, 1994, agents executed arrest and search warrants at the home on Lavender Street. As agents approached the home, they encountered and arrested Jefferson, who appeared to be attempting to run. McKeaver was arrested inside the home. The search yielded approximately 245 grams of crack cocaine, forty-three grams of marijuana, two handguns, and two rifles.

Jefferson and McKeaver were indicted on five counts. McKeaver pleaded guilty and testified for the Government at Jefferson's trial. The jury returned guilty verdicts on Counts I (conspiracy to possess crack cocaine with intent to distribute), III (possession with intent to distribute crack cocaine), and V (knowingly using and carrying a firearm during and in relation to a drug-trafficking crime). Jefferson appeals, challenging the

2

sufficiency of the evidence to support the jury's verdict in Counts I and V of the indictment.[1]

## II. DISCUSSION

In reviewing the sufficiency of the evidence, this Court determines whether, viewing the evidence and the inferences that may be drawn therefrom in the light most favorable to the verdict, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. United States v. Charroux, 3 F.3d 827, 830-31 (5th Cir. 1993). The evidence need not exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided that a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt. United States v. Pruneda-Gonzalez, 953 F.2d 190, 193 (5th Cir.), cert. denied, 112 S. Ct. 2952 (1992). Juries are "free to choose among all reasonable constructions of the evidence." Charroux, 3 F.3d at 831 (quoting United States v. Chaney, 964 F.2d 437, 448 (5th Cir. 1992)). In addition, a reviewing court must accept all credibility choices that tend to support the jury's verdict. United States v. Anderson, 933 F.2d 1261, 1274 (5th Cir. 1991).

Jefferson contends that the evidence was insufficient to establish that McKeaver and he engaged in a conspiracy to possess crack cocaine with the intent to distribute. See 21 U.S.C. §§ 841, 846. To prove that Jefferson was involved in a conspiracy, the

---

[1] Jefferson does not contest the jury's verdict on Count III of the indictment.

3

Government must establish that (1) a conspiracy to possess narcotics with the intent to distribute existed; (2) the defendant knew of the conspiracy; and (3) the defendant voluntarily participated in the conspiracy. United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113, 1825 (1995).

The indictment alleged that "[f]rom on or about October 8, 1993 and continuing to on or about May 19, 1994, . . . the defendants, Cedric McKeaver and Lorenzo Jefferson, did knowingly and intentionally conspire" to possess crack with the intent to distribute. Jefferson contends that his conviction for conspiracy is invalid because McKeaver testified that the cocaine found in the house during the May 19th search belonged solely to Jefferson and that Jefferson and he had no agreement to sell that cocaine together.

The Government correctly asserts, however, that McKeaver's testimony established that a conspiracy existed within the time period alleged in the indictment. McKeaver testified that he and Jefferson had sold "dope" together on many occasions during that time period. He testified that each contributed money for the drug purchases and that they split the profits on their sales. He also admitted that the crack cocaine sold to Agent Fuller on October 13, 1993 could have been "both of ours."

Although McKeaver also testified that the cocaine found during the search belonged to Jefferson alone and that he and Jefferson did not always sell crack cocaine together, his testimony about the sales in which Jefferson and he participated jointly was "not

4

incredible or otherwise insubstantial on its face." United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993).  The jury, as final arbiter of the credibility of the witnesses, was entitled to believe McKeaver's testimony regarding the numerous occasions on which he and Jefferson sold crack cocaine together.  See id.

The record provides other evidence from which the jury could have reasonably inferred that a conspiracy existed within the time frame alleged in the indictment.  Agent Fuller testified that he purchased crack from McKeaver and Jefferson on October 13, 1993.  His testimony indicates that each was substantially involved in the sale.  Viewing the evidence in the light most favorable to the jury verdict, we conclude that the evidence was sufficient to support the conviction for conspiracy to possess crack cocaine with the intent to distribute.  See Charroux, 3 F.3d at 830-31.

Jefferson also challenges his firearms conviction.  See 18 U.S.C. § 924(c).  To establish an offense under section 924(c), the Government must demonstrate that Jefferson:  (1) used or carried a firearm during and in relation to (2) an underlying drug-trafficking crime.  United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir.), cert. denied, 498 U.S. 824, 111 S. Ct. 76, 112 L. Ed.2d 49 (1990).[2]  Although the Government must show that the firearm played an integral part in the felony, the weapon need not

---

[2] By not challenging his conviction for possession of crack cocaine with the intent to distribute, which offense was based on the crack cocaine found in the home at the time the firearms were seized, Jefferson essentially concedes that the second element of the section 924(c) test is satisfied.  See Munoz-Fabela, 896 F.2d at 911 (concluding that possessing with the intent to distribute constitutes a drug-trafficking offense).

actually be used or brandished. Id. The Government may meet its burden by showing that the weapon facilitated or could have facilitated the drug-trafficking offense. United States v. Capote-Capote, 946 F.2d 1100, 1104 (5th Cir. 1991), cert. denied, 112 S. Ct. 2278 (1992).

Jefferson's argument for reversal relies solely on McKeaver's testimony that the weapons found in the home were used for hunting. The jury, however, was free to reject this testimony based upon a conclusion that it was not credible. See United States v. Bustamante, 45 F.3d 933, 940 (5th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3069 (U.S. July 5, 1995) (No. 95-60); United States v. Anderton, 679 F.2d 1199, 1202 (5th Cir. 1982).

Testimony at trial established that ammunition, two handguns, a rifle, and an "assault-type" rifle were found at the home during the search. The presence of firearms in the home of a defendant where drugs, money, and ammunition are also found is sufficient to establish use of the firearm as an integral part of a drug-trafficking offense. Capote-Capote, 946 F.2d at 1104; see United States v. Thomas, 12 F.3d 1350, 1362 (5th Cir.), cert. denied, 114 S. Ct. 1861, 2119 (1994). In addition, Jefferson testified that one gun, which police found under his mattress, was used "for protection." This evidence provides sufficient support for the jury's verdict that the firearms were used during and in relation to a drug-trafficking offense.

Jefferson's convictions are affirmed.

6